CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 12, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CHRISTIAN THOMAS NEALSON,** ) | |
| Plaintiff, ) | Case No. 7:23-cv-00442 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **REYNOLDS, et al.,** ) | Chief United States District Judge |
| Defendants. ) | |

### ORDER

Christian Thomas Nealson, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against several correctional officers at Keen Mountain Correctional Center. Nealson claims that the defendants failed to obtain prompt medical treatment after he was exposed to fentanyl. The case is presently before the court on Nealson's motion for preliminary injunctive relief, ECF No. 24, in which he alleges that non-party officers seized legal paperwork from his cell and improperly charged him with a disciplinary offense after reviewing the paperwork. For the following reasons, the motion is **DENIED**.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Defense Council, Inc., 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. The plaintiff must also "establish a relationship between the injury claimed in the [plaintiff's] motion and the conduct asserted in the complaint." Omega World Travel v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)). "This requires a sufficient nexus between the claims raised in

a motion for injunctive relief and the claims set forth in the underlying complaint itself." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). A preliminary injunction "may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel, 111 F.3d at 16.

Applying these standards, the court concludes that Nealson's motion for preliminary injunctive relief must be denied. The motion does not address any of the requirements set forth in Winter or seek to prevent harm caused by the conduct asserted in the underlying complaint. Instead, the motion seeks relief based on entirely new allegations of misconduct by correctional officers who are not parties to this action. Even if the new allegations could support claims against the officers identified in the motion, they do not provide a basis for preliminary injunctive relief in this action. See Devose, 42 F.3d at 471 (concluding that new allegations of retaliation did not entitle an inmate to preliminary injunctive relief in an action for inadequate medical treatment).

For these reasons, it is hereby **ORDERED** that Nealson's motion for preliminary injunctive relief, ECF No. 24, is **DENIED**. The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

Entered: June 11, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.06.11 16:40:21 -04'00'

Michael F. Urbanski
Chief United States District Judge