CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
August 09, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTIAN THOMAS NEALSON, ) | |
|    Plaintiff, ) | Case No. 7:23-cv-00442 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| UNIT MANAGER REYNOLDS, et al., ) | Senior United States District Judge |
|    Defendants. ) | |

## MEMORANDUM OPINION

Christian Thomas Nealson, a Virginia inmate proceeding pro se, was previously incarcerated at Keen Mountain Correctional Center. He commenced this civil action under 42 U.S.C. § 1983 by filing a form complaint against six prison officials: Unit Manager Reynolds, Lieutenant S.K. Coleman, Sergeant Stone, Correctional Officer Hess, Correctional Officer Hill, and Correctional Officer Keene. Five of the defendants—Reynolds, Coleman, Stone, Hess, and Hill—have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] ECF No. 16. For the reasons set forth below, the motion to dismiss is **GRANTED**, and the claims against these defendants are **DISMISSED** without prejudice and with leave to amend.

## Background

The events giving rise to this action occurred at Keen Mountain Correctional Center on February 23, 2023. According to the complaint, Nealson returned to his cell before his pod

---

[1] The moving defendants are represented by the Office of the Attorney General of Virginia (OAG). The OAG declined to accept service of process on behalf of defendant Keene, since he is no longer employed by the Virginia Department of Corrections. By separate order, the court will direct the United States Marshals Service to attempt to locate and serve this defendant.

was locked down at 4:50 p.m. Compl. 3, ECF No. 1. Shortly thereafter, Nealson began feeling lightheaded while talking to his cellmate and eventually became "unresponsive." Id. His cellmate pushed the emergency alert button in the cell and called for assistance. Id. Nealson alleges that defendant Keene was in the pod's control booth at the time of the incident and that the other defendants were in their offices "just outside the pod." Id. He asserts that "Keene refused to answer the emergency alert" or "call for help" and instead "reset[] the control boards." Id.

Approximately 30 minutes later, defendant Hess entered the pod to conduct a security check and found Nealson unresponsive in his cell. Id. Nealson subsequently regained consciousness while being wheeled onto an elevator in a gurney. Id. Investigators informed Nealson that he was "within minutes of being gone for good" and that Hess had administered Narcan three times in an effort to revive him. Id.

Nealson seeks to hold Keene and the other named defendants liable for failing to provide immediate medical attention. Id. at 4. He claims that the defendants' "neglect and dereliction of their duties resulted in [him] being unresponsive and oxygen deprived for approximately thirty minutes." Id.

Reynolds, Coleman, Stone, Hess, and Hill have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 16. Nealson has responded to the motion, ECF No. 23, and it is ripe for decision.

## **Standard of Review**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6)

2

motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id.

Pleadings filed by pro se litigants must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

## Discussion

Nealson filed suit against the defendants under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Additionally, because liability under § 1983 is determined "person by person," a plaintiff must plead facts sufficient to show that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." King v. Riley, 76 F.4th 259, 269 (4th Cir. 2023) (quoting Iqbal, 556 U.S. at 676). The Supreme Court has made clear that a government official is "only liable for his or her own misconduct." Iqbal, 556 U.S. at 677. Consequently, a

§ 1983 complaint "must contain specific allegations of each individual's conduct and state of mind." King, 76 F.4th at 269.

The court construes the complaint as attempting to assert claims of deliberate indifference to serious medical needs in violation of the Eighth Amendment to the United States Constitution. An Eighth Amendment claim of deliberate indifference has an objective and a subjective component. Jackson, 775 F.3d at 178. "The objective element requires a serious medical condition," and "[t]he subjective prong requires the prison official to have acted with a sufficiently culpable state of mind, specifically, deliberate indifference to inmate health." Langford v. Joyner, 62 F.4th 122, 124 (4th Cir. 2023) (internal quotation marks omitted). "An official is deliberately indifferent to an inmate's serious medical needs only when he or she subjectively knows of and disregards an excessive risk to inmate health or safety." Jackson, 775 F.3d at 178 (internal quotation marks omitted). Accordingly, Nealson must "plead sufficient facts to plausibly allege that each [d]efendant actually knew about his serious medical condition and the risks of failing to treat him." Langford, 62 F.4th at 125. Allegations of mere negligence on the part of a defendant do not suffice. Jackson, 775 F.3d at 178.

Applying these principles, the court concludes that Nealson's complaint fails to state a plausible claim of deliberate indifference against defendants Reynolds, Coleman, Stone, Hess, and Hill. Although he seeks to hold all of the defendants liable for failing to provide immediate medical attention, he has failed to adequately plead that Reynolds, Coleman, Stone, Hess, or Hill was actually aware of any serious medical need or substantial risk of serious harm until

4

Hess found him unresponsive during a security check and administered Narcan.[2] Indeed, unlike the allegations made with respect to defendant Keene, there are no allegations indicating that the other defendants knew that Nealson's cellmate had pressed the emergency alert button or otherwise heard the cellmate call for help. To the contrary, the complaint alleges that Reynolds, Coleman, Stone, Hess, and Hill were working in offices outside the pod when Nealson's cellmate requested assistance and that defendant Keene reset the control board after the cellmate pressed the emergency alert button. Without additional factual allegations, the court cannot reasonably infer that any of the other defendants actually knew of and disregarded an excessive risk to Nealson's health or safety. Consequently, the complaint, as currently pled, fails to state a claim for relief under § 1983 against Reynolds, Coleman, Stone, Hess, or Hill.

In his response to the motion to dismiss, Nealson attempts to offer additional facts in support of his claims against all of the defendants. It is "well-established," however, that "parties cannot amend their complaints through briefing." S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184 (4th Cir. 2013); see also Henderson v. City of Roanoke, No. 20-2386, 2022 WL 704351, at *3 (4th Cir. Mar. 9, 2022) (emphasizing that "no litigant is exempt from [this] well-established rule"). Consequently, the court declines to consider any allegations made for the first time in the opposition brief. Instead, the court will permit Nealson to file an amended complaint containing additional factual allegations against each of the defendants.

---

[2] Nealson does not suggest that the administration of Narcan violated the Eighth Amendment. Instead, he acknowledges that he "came to" after being given the medication. Compl. 3.

### Conclusion

For the reasons stated, the motion to dismiss filed by defendants Reynolds, Coleman, Stone, Hess, and Hill is **GRANTED**. Because it may be possible for Nealson to allege additional facts to cure the pleading deficiencies identified above, the court will dismiss the claims against these defendants without prejudice and permit Nealson to file an amended complaint within 30 days.

An appropriate order will be entered.

Entered: August 9, 2024

Mike Urbanski
Senior U.S. District Judge
2024.08.09 12:42:52
-04'00'

Michael F. Urbanski
Senior United States District Judge