CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
August 12, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CHRISTIAN THOMAS NEALSON,** ) | |
| Plaintiff, ) | Case No. 7:23-cv-00442 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **REYNOLDS, et al.,** ) | Senior United States District Judge |
| Defendants. ) | |

## MEMORANDUM OPINION

Christian Thomas Nealson, a state inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against six correctional officers who were employed at Keen Mountain Correctional Center in February 2023: Quinn Reynolds, Steven Coleman, Hunter Stone, Hunter Hess, Michael Hill, and Robert Keene.[1] The court previously dismissed the claims against Reynolds, Coleman, Stone, Hess, and Hill without prejudice and permitted Nealson to file an amended complaint. See Order, ECF No. 37, at 1. Reynolds, Coleman, Stone, Hess, and Hill have moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6).[2] ECF No. 40. For the following reasons, the motion to dismiss is **GRANTED**.

### I. Background

The events giving rise to this action occurred at Keen Mountain on February 23, 2023. According to the amended complaint, Nealson returned to his cell before his pod was locked down at 4:50 p.m. Am. Compl., ECF No. 38, at 3. He began feeling lightheaded while speaking

---

[1] The court will direct the Clerk to update the docket to reflect the correct spelling of defendant Keene's last name.

[2] Keene did not join in the motion to dismiss and instead filed an answer to the amended complaint. See ECF No. 71.

to his cellmate and sat down in a chair. Id. His cellmate pushed the emergency alert button in the cell and yelled for help. Id. When other inmates heard his cellmate yelling about "a medical emergency," they began yelling and kicking on their cell doors. Id.

The defendants were on duty at the time of the incident. Id. at 3–4. Nealson alleges that Keene, who was in the pod control booth, "ignored individuals yelling that there was an emergency" and reset the emergency alert on the control board. Id. at 3. Stone, Hess, and Hill were sitting in an office located outside the pod and approximately 20 feet from the pod door. Id. Coleman and Reynolds was sitting in their own offices located outside the pod and approximately 30 feet from the pod door. Id. at 4–5. Nealson alleges that Stone, Hess, Hill, Coleman, and Reynolds "all heard inmates kicking on the doors and yelling or at least kicking on doors." Id. at 6. Although drug-related emergencies are not uncommon and kicking on a cell door is against prison rules, Stone, Hess, Hill, Coleman, and Reynolds did not immediately investigate the commotion. Id. at 5–6. Nealson alleges that such behavior was part of the "[accept]ed culture at the prison" and that [i]t had become normal practice by officers to ignore inmates kicking on doors in the hopes that they would tire themselves out and stop." Id. at 5. When a security check was eventually performed, Nealson was administered Narcan and taken to the medical unit. Id. At the time Narcan was administered, Nealson had been "unresponsive" for approximately 30 minutes. Id. at 4.

Nealson now seeks $4 million in damages and the "removal of involved staff for negligence." Id. at 7.

2

## II. Standard of Review

Reynolds, Coleman, Stone, Hess, and Hill have moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. To survive dismissal for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). While "detailed factual allegations" are not required, a complaint must contain more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal quotation marks and brackets omitted). Additionally, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008 (internal quotation marks omitted).

When evaluating whether a complaint states a claim upon which relief can be granted, "the court must construe all factual allegations in the light most favorable to the plaintiff." Wilcox v. Brown, 877 F.3d 161, 166–67 (4th Cir. 2017). "Additionally, when a plaintiff raises a civil rights issue and files a complaint pro se, the court must construe pleading requirements liberally." Id. "But liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." Bing v. Brivo Sys., LLC, 959 F.3d 605, 618 (4th

3

Cir. 2020). A complaint filed by a pro se plaintiff "still must contain enough facts to state a claim for relief that is plausible on its face." Thomas v. Salvation Army S. Terr., 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted).

### III. Discussion

Nealson filed suit against the defendants under 42 U.S.C. § 1983. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. The statute "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The court construes the amended complaint to allege that the defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. An Eighth Amendment claim of deliberate indifference "consists of two components, objective and subjective." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). "The objective element requires a serious medical condition," and the subjective component "requires the prison official to have acted with a sufficiently culpable state of mind, specifically, deliberate indifference to inmate health [or safety]." Langford v. Joyner, 62 F.4th 122, 124 (4th Cir. 2023) (internal quotation marks omitted). The defendants' motion focuses on the subjective component.

4

"An official is deliberately indifferent to an inmate's serious medical needs only when he or she subjectively 'knows of and disregards an excessive risk to inmate health or safety.'" Jackson, 775 F.3d at 178 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). The official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also draw that inference." Farmer, 511 U.S. at 837. To establish an Eighth Amendment violation, "it is not enough that an official should have known of a risk; he or she must have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." Id. Allegations of mere negligence on the part of a defendant do not suffice. Jackson, 775 F.3d at 178.

Applying these principles, the court concludes that the amended complaint fails to state a plausible claim of deliberate indifference against Reynolds, Coleman, Stone, Hess, and Hill. Nealson alleges that these defendants "heard inmates kicking on the doors and yelling or at least kicking on doors," but he does not allege facts suggesting that any of them actually drew the inference that Nealson had a serious medical need or faced a substantial risk of serious harm. To the contrary, Nealson suggests that such commotion was so common that "[i]t had become a normal practice by officers to ignore inmates kicking on doors in the hopes that they would tire themselves out and stop." Am. Compl. at 5. And unlike the allegations made with respect to defendant Keene, there are no allegations indicating that the other defendants, who were located in offices outside the pod, knew that Nealson's cellmate had pressed the emergency alert button and reported that "there was a medical emergency going on" in the cell. Id. at 3. To the extent Nealson alleges that drug-related emergencies are not uncommon at the facility, "it takes 'more than a generalized awareness of risk to make out a deliberate-

5

indifference claim.'" Owens v. Sec'y of Fla. Dept. of Corr., 812 F. App'x 861, 868 (11th Cir. 2020) (quoting Marbury v. Warden, 936 F.3d 1227, 1234 (11th Cir. 2019)). At most, the amended complaint suggests that Reynolds, Coleman, Stone, Hess, and Hill acted negligently in failing to enter the pod to see "what the banging was about." Am. Compl. at 4. Mere negligence, however, is "not enough to show deliberate indifference." Hixson v. Moran, 1 F.4th 297, 303 (4th Cir. 2021).

## IV. Conclusion

For the reasons stated, the motion to dismiss filed by defendants Reynolds, Coleman, Stone, Hess, and Hill, ECF No. 40, is **GRANTED**. An appropriate order will be entered.

Entered: August 12, 2025

Michael F. Urbanski
U.S. District Judge
2025.08.12 10:02:50
-04'00'

Michael F. Urbanski
Senior United States District Judge